**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 26-321-DLB**

**JUVENTINO QUINTERO LUNA** **PETITIONER**

**v.** **MEMORANDUM ORDER**

**MARKWAYNE MULLIN, et al.** **RESPONDENTS**

* * * * * * * * * * * * * * * *

## I. INTRODUCTION

This matter is before the Court on the Amended Petition for Writ of Habeas Corpus by Petitioner Juventino Quintero Luna (Doc. # 4). For the following reasons, Luna's Amended Petition will be **denied**.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Luna is a native and citizen of Mexico who entered the United States without inspection in 2011. (Doc. # 1-2 ¶¶ 1–2). On June 23, 2026, while at a gas station in Pendleton, Kentucky, Luna was arrested for driving without a license by local police officers. (Doc. # 4 ¶ 3). After being arrested, he was transferred to the custody of United States Immigration and Customs Enforcement ("ICE"), which detained him at the Kenton County Detention Center in Covington, Kentucky. (*Id.*). Luna received two bond hearings before an Immigration Judge ("IJ") pursuant to a bond request. (*Id.* ¶ 16). The first was held on July 7, 2026, but was continued by the IJ so he could consider who held the burden of proof. (*Id.*). At the second hearing on July 21, 2026, the IJ erroneously placed

the burden of proof on Luna, found Luna to be a flight risk and danger to the community for driving without a license, and denied his bond request. (*Id.*).

On July 30, 2026, Luna filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1). In his Petition, he sought immediate release or, alternatively, a constitutionally adequate bond hearing where the burden of proof was on the government to justify his continued detention. (*Id.* at 12). On August 3, 2026, this Court entered an Order directing Respondents to consider the impact of the recent Sixth Circuit decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026) on Luna's case. (Doc. # 2 at 1). The Court opined that if *Lopez-Campos* was applicable to his case, he was to be provided with a bond hearing. (*Id.* at 2). However, if *Lopez-Campos* did not resolve the issues raised in the Luna's Petition, the Court directed Respondents to file a memorandum addressing the factual allegations in the Petition. (*Id.* at 3).

On August 10, 2026, Federal Respondents filed a Status Report indicating that on August 7, 2026, Luna received a bond hearing before an IJ. (Doc. # 3). At the hearing, the IJ denied bond finding that Luna was a danger to the community and, alternatively, a flight risk. (Doc. # 3-1).

The next day, Luna filed the instant Amended Petition (Doc. # 4). Specifically, Luna contended that his bond hearing before the IJ was insufficient because the IJ "failed to conduct the individualized analysis required by the [Immigration and Nationality Act] and the Constitution." (*Id.* ¶ 31). Luna alleges that the IJ failed to identify any reasons for denying his bond, which accordingly entitles him to immediate release as opposed to another bond hearing. (*Id.* ¶ 39). On August 14, 2026, the Court Ordered Respondents to respond to Luna's Amended Petition (Doc. # 5), which they did on August 24, 2026.

(Doc # 6). Luna filed his Reply the next day (Doc. # 7), and the Amended Petition is now ripe for the Court's review.

## III. ANALYSIS

In his Amended Petition, Luna argues that he did not receive a constitutionally adequate bond hearing because "the IJ failed to conduct a meaningful, individualized, custody determination consistent with the statutory and constitutional requirements governing detention under 8 U.S.C. § 1226(a)." (Doc. # 4 ¶ 37). He claims that IJs are required to "consider the totality of the evidence and weigh both positive and negative factors relevant to flight risk and danger to the community," and that the IJ in his case did not conduct such a consideration. (*Id.* ¶¶ 37–39).

This Court has repeatedly held that in a custody redetermination hearing, the government bears the burden of proof by clear and convincing evidence. *See* Order at 1, *Jewenti v. Olson*, No. 26-cv-121-DLB (E.D. Ky. Apr. 30, 2026) ("Under a plain reading of the Court's Order . . . Petitioner [] is entitled to a constitutionally adequate bond hearing in which **the government bears the burden of proving Petitioner is either a danger to the community or a flight risk by clear and convincing evidence**.") (emphasis in original); *Id.* ("Indeed, this Court's interpretation of the burden of proof is well established in district courts and circuits across the country.") Order at 9, *Penott Rodriguez v. Fields*, No. 2:26-cv-117-DLB (E.D. Ky. May 5, 2026) ("This Court once again reiterates that the government bears the burden in a custody redetermination hearing."). However, in those cases, the Court granted the petitioner's motion to enforce after a review of the record clearly showed that the IJ explicitly declined to make a finding regarding which party bore the burden of proof. Crucially, in determining whether IJ Johnson

could *possibly* conclude from the evidence before him that Luna posed a flight risk, the Court must scrupulously avoid passing judgment on his discretionary weighing of that evidence. *See* 8 U.S.C. § 1226(e).

Here, a review of the IJ's Order clearly shows that during the August 7, 2026 hearing, he placed the burden of proof on the Government. (Doc. # 3-1 at 1 ("The government bears the burden of proof. The evidentiary standard is that of clear and convincing evidence . . . . The Court finds that the government has met its burden of proof.")). The IJ then states that he considered "all documentary evidence in this case" and listened intently to the testimony of two witnesses at the hearing, which included Federal Respondents' cross-examinations. (*Id*.; *see also* Doc. # 4-1). After consideration of the record, the IJ concluded the Government had proven that Luna is a flight risk and accordingly denied bond. (Doc. # 3-1). The IJ's decision to deny bond is a discretionary decision, something this Court lacks jurisdiction to review. *See Nielsen v. Preap*, 586 U.S. 392, 401 (2019) (noting that § 1226(e) bars review of discretionary applications of § 1226); *Hernandez-Gabriel v. Tate*, No. 25-cv-5687-H, 2026 WL 161192, at *4 (S.D. Tx. Jan. 20, 2026) (holding that a district court lacked jurisdiction to consider a petitioner's challenge to the correctness of an IJ's determination that the petitioner posed a flight risk); *Perez Sierra v. Bondi*, No. 25-cv-18829, 2026 WL 497070, at *3 (D.N.J. Feb. 23, 2026) ("This Court lacks jurisdiction to review any discretionary determinations underlying an immigration judge's bond decision, but it can review whether the bond hearing was fundamentally unfair in violation of this Court's order."); *cf. Soto-Medina v. Lynch*, No. 1:25-cv-1704, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (holding that § 1226(e)

did not bar consideration of a petitioner's challenge that the discretionary process of § 1226(a) itself is unconstitutional).

Although Luna claims that § 1226(e) does not bar this Court's adjudication of his claims, Luna's only case-specific arguments focus on the impropriety of DHS's arguments and the conclusions IJ Johnson drew from the evidence. (Doc. # 7 at 2). Thus, Luna's Amended Petition does not pose the kind of "challenge[ to] the statutory framework that permits [the alien's] detention without bail" capable of evading § 1226(e). *Demore v. Kim*, 538 U.S. 510, 516 (2003).

## IV. CONCLUSION

Accordingly, for the following reasons set forth herein, **IT IS ORDERED** as follows:

(1) Petitioner's Amended Petition (Doc. # 4) is **DENIED**;

(2) This matter is hereby **DISMISSED** and **STRICKEN** from the Court's active docket.

This 28th day of August, 2026.

**Signed By:**
***David L. Bunning***
**Chief United States District Judge**

G:Judge-DLB\DATA\ORDERS\Cov2026\26-321 Order denying Amended Petition.docx